MONTREZ BROWN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 324, 2009.
Supreme Court of Delaware.
Submitted: September 22, 2009.
Decided: November 2, 2009.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice
This 2nd day of November 2009, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Montrez Brown (Brown), pled guilty to one count of possession of a firearm by a person prohibited. The Superior Court immediately sentenced Brown to eight years at Level V incarceration to be suspended after serving three years for decreasing levels of supervision. This is Brown's direct appeal.
(2) Brown's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Counsel identifies one arguably appealable issue but nonetheless asserts that, based upon a complete and careful examination of the record, the appeal is without merit. By letter, Brown's attorney informed him of the provisions of Rule 26(c) and provided Brown with a copy of the motion to withdraw and the accompanying brief. Brown also was informed of his right to supplement his attorney's presentation. Brown filed a response and asserts that his plea was not entered knowingly and voluntarily and that the Superior Court sentenced him in excess of his plea agreement. The State has responded to Brown's points, as well as to the position taken by Brown's counsel, and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(4) The record reflects that Brown was charged in a fourteen count indictment with numerous drug and weapon offenses. Prior to trial, he filed a motion to suppress, which was denied. Thereafter, Brown filed a second motion to suppress, alleging different grounds for suppression. A hearing on that motion was scheduled for the day of trial. Prior to trial, however, Brown entered into a guilty plea agreement. In exchange for his plea of guilty to a single charge of possession of a firearm by a person prohibited, the State agreed to dismiss all of the remaining charges and to request immediate sentencing to a term of eight years at Level V incarceration to be suspended after serving three years for decreasing levels of supervision. Brown, in turn, agreed to voluntarily withdraw two appeals that he had filed in earlier, unrelated criminal cases.
(5) In the opening brief on appeal, Brown's counsel asserts that Brown's waiver of his right to appeal in his earlier criminal cases arguably was impermissible. We disagree. This Court has recognized that defendants may waive their constitutional rights when entering into plea agreements so long as the waiver is knowing, intelligent, and voluntary.[2] Unless enforcement would work a "miscarriage of justice," we have held that waiver-of-appeal agreements are valid.[3] We find no miscarriage of justice in Brown's case. Accordingly, we reject this claim.
(6) Moreover, we find no merit to Brown's suggestion that his guilty plea was involuntary. Delaware law mandates that, in the absence of clear and convincing evidence to the contrary, a defendant is bound by his sworn statements during the guilty plea colloquy.[4] The record of the plea colloquy is clear that no one promised Brown what his sentence would be and that he was entering a guilty plea because he, in fact, was guilty of the crime charged. Brown clearly was informed that the State was recommending an eight-year sentence, to be suspended after a three-year minimum mandatory term of incarceration, which is exactly the sentence the Superior Court imposed. Brown's belated contention that he was sentenced to more time than he bargained for is simply unsupported by the record. Accordingly, we conclude that Brown has not sustained his burden of proving by clear and convincing evidence that his guilty plea was involuntary.
(7) This Court has reviewed the record carefully and has concluded that Brown's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Brown's counsel has made a conscientious effort to examine the record and the law and has properly determined that Brown could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] McDonald v. State, 778 A.2d 1064, 1074 (Del. 2000).
[3] Wall v. State, 2005 WL 76950 (Del. Jan. 11, 2005) (citing United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001)).
[4] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).